1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VINCENT P. TERRY,

11           Plaintiff,                    No. CIV S-03-2378 MCE GGH P

12       vs.

13   E.S. ALAMEIDA, et al.,

14           Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  On November 3, 2005, the court granted defendants' motion to dismiss the

18   original complaint and granted plaintiff thirty days to file an amended complaint.  Thirty days

19   passed and plaintiff did not file an amended complaint.  Accordingly, on February 8, 2005, the

20   court recommended that this action be dismissed.  On February 28, 2005, plaintiff filed

21   objections and an amended complaint.  On March 30, 2005, the court vacated the February 8,

22   2005, findings and recommendations and dismissed the amended complaint with leave to amend

23   for plaintiff's failure to identify the defendants and state the relief sought.  In this order, the court

24   stated that defendants were not required to respond to the second amended complaint unless

25   ordered by the court.  Pending before the court is plaintiff's second amended complaint filed

26   April 28, 2005.

1

1    The factual allegations of the second amended complaint are similar to those

2    contained in the original complaint.  However, plaintiff alleges one federal claim only: violation

3    of his right to Equal Protection.  Named as defendants are Anderson, Gutierrez, Randsell,

4    Ornoski, Enriquez and Prosper.  Plaintiff alleges that defendants have refused to let him attend

5    fire camp.  Defendant Anderson wanted to know why plaintiff's classification score for rules

6    violations went from 30 to 105.  Plaintiff told defendant Anderson that his classification score

7    cleared him for fire camp.

8    Plaintiff alleges that in order to process his fire camp application, the

9    classification committee required his archived file.  Defendant Gutierrez granted plaintiff's

10   administrative appeal requesting that the archived file be faxed to the prison.  Plaintiff alleges

11   that despite granting the appeal, defendant Gutierrez did not make a sincere effort to make sure

12   that the archived file was faxed.

13   Plaintiff sent the Inmate Appeals Branch a letter regarding the failure of prison

14   officials to obtain his archived file.  Plaintiff alleges that defendant Randsell refused to obtain the

15   file despite receiving this letter.  Plaintiff alleges that defendants Ornoski, Enriquez and Prosper

16   denied his administrative appeals regarding the failure of prison officials to obtain the archived

17   file.

18   Plaintiff alleges that defendants violated state law as well as his right to Equal

19   Protection.  However, plaintiff's Equal Protection claim is not based on his allegations that

20   defendants refused to obtain his archived file which contained information regarding his

21   disciplinary history and classification score.  Rather, plaintiff goes on to allege that inmates with

22   worse criminal records than his were allowed to participate in the fire camp program.  Plaintiff

23   alleges that defendants did not use his criminal history to find him ineligible for the fire camp

24   program until after he filed his complaint.

25   /////

26   /////

1    Plaintiff alleges that defendants' criteria for determining which inmates could

2  attend fire camp bore no rational relation to a legitimate state interest.  Although plaintiff may

3  have difficulty proving this claim, he has stated a colorable Equal Protection claim.  New Orleans

4  v. Dukes, 427 U.S. 297, 96 S.Ct. 2513 (1976).  Accordingly, defendants are directed to respond

5  to the second amended complaint.

6    Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of

7  this order, defendants shall file a response to plaintiff's second amended complaint filed April

8  28, 2005.

9  DATED:   7/26/05

10

11    /s/ Gregory G. Hollows

12    GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE
13

14  ggh:kj
    ter2378.dis
15

16

17

18

19

20

21

22

23

24

25

26