IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT TERRY,

    Plaintiff,                    No. CIV S-03-2378 MCE GGH P

    vs.

E.S. ALAMEIDA, et al.,                <u>ORDER AND</u>

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 23, 2005, the court recommended that defendants' August 15, 2005, motion to dismiss be granted based on plaintiff's failure to file an opposition. On December 5, 2005, plaintiff filed objections to the findings and recommendations which address defendants' motion to dismiss. Because the objections address defendants' motion, the court will not grant plaintiff leave to file further opposition to defendants' motion. After reviewing the record, the court orders the November 23, 2005, findings and recommendations vacated and recommends that defendants' motion be granted for the reasons discussed below.

        In the original complaint filed November 14, 2003, plaintiff alleged that due to a delay in the receipt of his archive file, he was unable to attend the fire training camp program. Plaintiff alleged that he filed he filed an administrative appeal requesting that defendant

1

Anderson have his archived files faxed to the prison.  Defendant Anderson denied this request and instead wanted to know why plaintiff's classification score had risen from 30 to 105.  Plaintiff also alleged that his Director Level Appeal regarding this matter was denied on grounds that plaintiff was ineligible for the program based on his prison disciplinary record.  Plaintiff alleged that his prison disciplinary record was clear.  Plaintiff claimed violations of his right to due process, equal protection, the Eighth Amendment and California law.

On November 3, 2004, the court granted defendants' motion to dismiss the original complaint and granted plaintiff thirty days to file an amended complaint.  As to the Equal Protection claim, the court founds that the facts as pled did not state a colorable claim.  Thirty days passed and plaintiff did not file an amended complaint.  Accordingly, on February 8, 2005, the court recommended that this action be dismissed.

On February 28, 2005, plaintiff filed objections and an amended complaint.  On March 30, 2005, the court vacated the February 8, 2005, findings and recommendations and dismissed the amended complaint with leave to amend for plaintiff's failure to identify the defendants and state the relief sought.  On April 28, 2005, plaintiff filed a second amended complaint.

On July 26, 2005, the court issued an order finding that the allegations of the second amended complaint were similar to those of the original complaint.  However, the second amended complaint raised one federal claim only: violation of the Equal Protection clause.  The court found that this claim was not based on plaintiff's allegation that he was not permitted to attend fire training camp because defendants refused to obtain his archive file which contained information regarding his disciplinary history and classification store.  Instead, plaintiff appeared to allege that inmates with worse criminal records than his own were permitted to attend fire camp.  The court found that plaintiff's claim that defendants' criteria for determining which inmates could attend fire camp stated a colorable Equal Protection claim and ordered defendants to file a response.

On August 3, 2005, plaintiff filed objections to the July 26, 2005, order. Plaintiff alleged that the court misconstrued his Equal Protection claim in the July 26, 2005, order. Plaintiff stated that his Equal Protection claim was based on his allegations that he was unable to attend fire camp training because defendants refused to obtain his archive file in a timely manner but "granting others those same privileges similarly situated." In the August 15, 2005, motion to dismiss, defendants address the Equal Protection claim clarified in plaintiff's August 3, 2005, objections.

In his objections to the November 23, 2005, findings and recommendations, plaintiff argues that defendants' motion to dismiss should be denied. However, he does not specifically address defendants' arguments that his Equal Protection claim, as clarified in his August 3, 2005, objections, is not colorable.

The Equal Protection Clause ensure that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). Plaintiff's claim that defendants' refusal to permit him to attend the fire camp training program because they would not obtain his archive file does not state a colorable Equal Protection claim. The court already found that these allegations did not state a colorable Equal Protection claim in the November 3, 2004, order addressing defendants' first motion to dismiss.

In his August 3, 2005, objections, plaintiff alleges that similarly situated inmates were permitted to attend fire camp training program, but he does not allege how these inmates were similarly situated to him. Because plaintiff rejected the court's interpretation of his Equal Protection claim, i.e. that defendants permitted inmates with worse criminal work records than plaintiff's to attend the program, the basis of plaintiff's Equal Protection claim is not clear. Because plaintiff has been granted sufficient opportunities to amend this claim, the court recommends that defendants' motion to dismiss this claim be granted.

Assuming plaintiff stated a colorable federal claim, defendants move to dismiss on several other grounds. Because plaintiff has not stated a colorable claim for relief, the court

1 need not reach these other arguments.

2       Because the court finds that the second amended complaint fails to state a colorable federal claim, it declines to exercise jurisdiction over plaintiff's supplemental state law claims. 28 U.S.C. § 1367(c).

5       Accordingly, IT IS HEREBY ORDERED that the November 23, 2005, findings and recommendations are vacated; and

7       IT IS HEREBY RECOMMENDED that defendants' August 15, 2005, motion to dismiss be granted.

9       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/23/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
ter2378.dis(2)